IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SHAWNA REICHERT, | ) | 4:06CV3026 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| VILLAGE OF GREELEY, | ) | |
| | ) | |
| Defendant. | ) | |

   The plaintiff, Shawna Reichert, alleges that her employment as the office manager for the Greeley Care Home was terminated on August 20, 2005, in violation of the Family and Medical Leave Act (FMLA), 29 U.S.C. §§ 2619 to 2654, and its accompanying regulations. The lone defendant is the Village of Greeley, Nebraska, which allegedly owns and operates the Greeley Care Home.

   The Village of Greeley has moved to dismiss the action for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1). The village denies that it was the plaintiff's employer, and contends that she was actually employed by the Greeley Care Home, a separate legal entity that did not meet the 50-employee threshold of a FMLA "employer" as defined by section 2611(4)(A)(i).[1] It also argues that the Village of Greeley and the Greeley Care Home cannot be

---

[1] The village has presented evidence that the Greeley Care Home had 46 employees when the plaintiff's employment was terminated. If the Greeley Care Home was a "public agency" as defined in 29 U.S.C. § 203(x) (which includes "a political subdivision of a State"), then, under 29 U.S.C. § 2611(4)(A)(iii), it qualified as a FMLA employer regardless of the number of employees it had. However, the plaintiff would not be an "eligible employee" under section 2611(2)(B)(ii) if there were less than 50 employees at her work site or within 75 miles. See 29 C.F.R. § 825.108(d).

considered a single employer for FMLA purposes because they do not satisfy either the "integrated employer" test [2] or the "joint employer" test.[3]

---

[2] Separate entities will be deemed to be parts of a single employer for purposes of FMLA if they meet the "integrated employer" test. Where this test is met, the employees of all entities making up the integrated employer will be counted in determining employer coverage and employee eligibility. A determination of whether or not separate entities are an integrated employer is not determined by the application of any single criterion, but rather the entire relationship is to be reviewed in its totality. Factors considered in determining whether two or more entities are an integrated employer include:
  (i) Common management;
  (ii) Interrelation between operations;
  (iii) Centralized control of labor relations; and
  (iv) Degree of common ownership/financial control.

29 C.F.R. § 825.104 (c)(2).

[3] Where two or more businesses exercise some control over the work or working conditions of the employee, the businesses may be joint employers under FMLA. Joint employers may be separate and distinct entities with separate owners, managers and facilities. Where the employee performs work which simultaneously benefits two or more employers, or works for two or more employers at different times during the workweek, a joint employment relationship generally will be considered to exist in situations such as:
  (1) Where there is an arrangement between employers to share an employee's services or to interchange employees;
  (2) Where one employer acts directly or indirectly in the interest of the other employer in relation to the employee; or,
  (3) Where the employers are not completely disassociated with respect to the employee's employment and may be deemed to share control of the employee, directly or indirectly, because one employer controls, is controlled by, or is under common control with the other employer.

29 C.F.R. § 825.106 (a).

The plaintiff responds that it is not clear under Nebraska law that the Greeley Care Home is a separate legal entity, and, moreover, that the two tests cited by the village do not apply to public entities. Rather, the controlling regulation is 29 C.F.R. § 825.108(c)(1), which provides:

> A State or a political subdivision of a State constitutes a single public agency and, therefore, a single employer for purposes of determining employee eligibility. For example, a State is a single employer; a county is a single employer; a city or town is a single employer. Where there is any question about whether a public entity is a public agency, as distinguished from a part of another public agency, the U.S. Bureau of the Census' "Census of Governments" will be determinative, except for new entities formed since the most recent publication of the "Census." For new entities, the criteria used by the Bureau of Census will be used to determine whether an entity is a public agency or a part of another agency, including existence as an organized entity, governmental character, and substantial autonomy of the entity.

The plaintiff has presented evidence that the Greeley Care Home was not listed as a public agency in the 2002 "Census of Governments," the most recent publication of this report. She thus argues that the Village of Greeley was her employer as a matter of law for FMLA purposes.

While this is an interesting issue,[4] it cannot be decided in the context of a motion to dismiss for lack of subject matter jurisdiction. Whether the defendant

---

[4] There appear to be only two reported decisions that have interpreted and applied 29 C.F.R. § 825.108(c)(1). See Rollins v. Wilson County Government, 154 F.3d 626 (6th Cir. 1998) (under Tennessee law, county school system and county government definitely were separate entities, having separate origins, functions, and management; consequently, county employee could not combine consecutive time periods that she was employed by each entity in order to meet the FMLA's 12-month eligibility requirement); Fain v. Wayne County Auditor's Office, 388 F.3d 257 (7th Cir. 2004) (Indiana law did not definitely resolve whether county auditor's office was a separate public agency, so "Census of Governments" was determinative).

3

employed the plaintiff is not a jurisdictional issue.[5] The defendant's Rule 12(b)(1) motion could be treated as a motion to dismiss for failure to state a claim upon which relief can be granted, filed pursuant to Federal Rule of Procedure 12(b)(6), and then, because both parties have filed evidence, be converted into a motion for summary judgment and decided pursuant to Federal Rule of Civil Procedure 56.  See Simes v. Huckabee, 354 F.3d 823, 826 n. 2 (8th Cir. 2004); Jensen v. Henderson, 315 F.3d 854, 857 n. 5 (8th Cir. 2002); Layton v. United States, 919 F.2d 1333, 1334-35 (8th Cir. 1990).  I will not do so, however, because the evidence does not conclusively establish that the Greeley Care Home was not, in fact, owned and operated by the Village of Greeley, as alleged in the plaintiff's complaint.[6]

---

[5] Indeed, in light of the Supreme Court's recent decision in Arbaugh v. Y & H Corporation, dba Moonlight Café, ___ U.S. ___, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006) (Title VII's employee-numerosity requirement was an element of the claim for relief, not a jurisdictional requirement), it appears that issues of whether the defendant is an "employer" or the plaintiff is an "eligible employee" based on the FMLA's 50-employee requirement are not jurisdictional.  See Minard v. ITC Deltacom Communications, Inc., No. 04-30230, ___ F.3d ___, 2006 WL 1000572, *3 (5th Cir. Apr. 18, 2006) (applying Arbaugh to FMLA).  In any event, the defendant has not claimed that the combined number of employees for the Village of Greeley and the Greeley Care Home was less than 50 on or before August 20, 2005.  (There is evidence that the village currently has three full-time employees and one part-time employee on its payroll.  As previously noted, the nursing home had 46 employees.)

[6] The evidence suggests that the Greeley Care Home was created pursuant to Neb. Rev. Stat. §§ 17-961 to 17-966, which authorize cities of the second class and villages to construct and operate hospitals, medical clinics, nursing homes, and multi-unit housing facilities.  Section 17-966 also authorizes the city or village to provide by ordinance for the creation of a facility board which shall "have charge of the facility, and . . . the power to establish rules for the management, operation, and use of the same, as provided by such ordinance."  Neb. Rev. Stat. Ann. § 17-966 (Lexis Nexis 2004).  A copy of the constitution and by-laws for the "Greeley Care Home/ Assisted Living Board" is in evidence, but not a copy of the enabling ordinance.  The evidence also indicates that the Greeley Care Home facility was constructed using proceeds from general obligation bonds that were issued by the Village of Greeley in 1974; that the village co-signed a loan in 2001 to finish an assisted living project; that

4

Accordingly,

IT IS ORDERED that the defendant's motion to dismiss (filing 11) is denied.

DATED: May 30, 2006.                    BY THE COURT:

                                        s/ *Richard G. Kopf*
                                        United States District Judge

---

the annual operating expenses and revenues for the facility have been included in the village's budget; and that while the Greeley Care Home maintains a separate bank account, the village clerk must sign all checks issued, including payroll checks. By law, the Village of Greeley can also levy a tax "for the purpose of maintaining and operating [the] facility," Neb. Rev. Stat. § 17-964 (LexisNexis 2004), although it does not appear to have done so.

5